UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ALLEN GARRETT,<br><br>  Plaintiff,<br><br>v.<br><br>ADJOIN TRANSITIONAL HOUSING PROGRAM, HERMOSA VILLAGE APARTMENT, CHULA VISTA MOTEL 6,<br><br>  Defendants. | Case No.: 3:25-cv-02801-CAB-SBC<br><br>**ORDER:**<br>**(1) DIMISSING COMPLAINT;**<br>**(2) DENYING APPLICATION TO PROCEED IFP; and**<br>**(3) DENYING MOTION TO APPOINT COUNSEL**<br><br>[Doc. Nos. 1–3] |

Plaintiff William Allen Garrett ("Plaintiff") has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed in forma pauperis ("IFP"). [Doc. Nos. 1 ("Complaint"), 2.] Plaintiff's Complaint alleges that his constitutional rights were violated when he was terminated from the Defendant Adjoin Transitional Housing Program's ("Adjoin") services without cause. [Complaint at 2.] According to Plaintiff, Adjoin placed Plaintiff in one of Defendant Chula Vista Motel 6's motel rooms to complete repairs caused by a flood to his apartment unit. [*Id.* at 3.] Plaintiff alleges that Adjoin stopped paying for the motel room, resulting in the motel's destruction of his personal

property. [*Id.* at 3–4.] Plaintiff alleges that Adjoin's actions resulted in his homelessness without any advance warning or reasons for the termination. [*Id.* at 4.] For the reasons discussed below, the Court **DENIES** Plaintiff's motion to proceed IFP and **DISMISSES** the Complaint without prejudice for failure to state a claim.

I.      ANALYSIS

    A. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen any IFP complaint and *sua sponte* dismiss it if the allegation of poverty is false or to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B) is not limited to prisoners; instead, it applies to all cases in which the plaintiff proceeds IFP. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" fall short of meeting this plausibility standard. *Id.* The Court, however, considers Plaintiff's position as a pro se litigant at the pleading stage and construes the pleading liberally. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018).

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). "Action under color of state law

normally consists of action taken by a public agency or officer." *Taylor v. First Wyoming Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). A private party's action, without something more, is insufficient to characterize that party as a state actor. However, "[a] private action may constitute an action under color of state law if the private person wilfully participates in joint action with the state or its agents," or "if it constitutes the exercise of some power delegated to the private person by the state which is traditionally associated with sovereignty or is traditionally exclusively reserved to the state." *Id.* (internal quotation marks and alterations omitted).

Here, Plaintiff has not plausibly alleged that any Defendants were acting under color of state law. Although Plaintiff alleged that "Adjoin [is] a [f]ederally [f]unded housing navigation program," [Complaint at 3], he has not plausibly alleged that any of the Defendants are a public agency or officer, that they acted jointly with a government entity, or that their actions constitute exercise of some power, such as policing, traditionally associated with a governmental entity.[1] To be sure, there are cases where certain housing entities were considered acting under color of state law, but those involved ownership or significant management by a government agency. *E.g. Mendoza v. Frenchman Hill Apartments Ltd. P'ship*, No. 2:03-CV-494-RHW, 2005 WL 6581642, at *2 (E.D. Wash. Jan. 20, 2005) (finding state action pleaded where county agency was general management partner and participated in the daily decisions of the housing complex); *Guy v. Carson*, No. 2:20-CV-01581-DDP-SHK, 2020 WL 3884904, at *9 (C.D. Cal. June 22, 2020), *report and recommendation adopted*, No. 2:20-CV-01581-DDP-SHK, 2023 WL 3604316 (C.D. Cal. May 23, 2023) (finding state action pleaded where defendant was alleged to be a state-

---

[1] The Court notes that receipt of government funding or compliance with generally applicable laws, without more, is insufficient to constitute state action. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020); *see also Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1193 (W.D. Wash. 2005) ("Not every private entity that provides Section 8 housing is a state actor.").

chartered public housing agency). The Court therefore finds that Plaintiff has failed to state a § 1983 claim but provides leave to amend within 30 days of the date of this order.

### B. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). To satisfy the requirements of § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide [for] himself and dependents with the necessities of life." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1229 (9th Cir. 2015).

Here, Plaintiff submitted an incomplete financial affidavit. While the affidavit reflects a monthly income of $1,200.00 from employment, a monthly income of $1,200.00 from disability, $220.00 from public assistance, and $0.00 in his checking account, many of the expenses portions of the affidavit are blank. [Doc. No. 2.] For example, the amounts for monthly expenses for food, clothing, transportation, and recreation are blank. [*Id.* (instructing the applicant: "Do not leave any blanks. If the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response.").] The Court cannot properly assess Plaintiff's IFP application without complete documentation as required by the form affidavit.

---

[2] Civil litigants must pay an administrative fee of $55 in addition to the $350 filing fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The Court therefore **DENIES** Plaintiff's IFP application. In light of the Court's dismissal with leave to amend, Plaintiff should submit a complete affidavit—including a complete accounting of his monthly expenses—with any amended complaint.

### C. MOTION TO APPOINT COUNSEL

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). [Doc. No. 3.] However, a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). It requires that Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, and that appointment of counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Because Plaintiff has failed to allege the presence of exceptional circumstances here and is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1).

### II. CONCLUSION

Accordingly, the Court:

(1)   **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) and his failure to properly move to proceed IFP pursuant to 28 U.S.C. § 1915(a);

(2)   **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; or (b) completing and filing a Motion and Declaration in Support of Motion to Proceed IFP that complies with 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2.b;

(3)   **DENIES** Plaintiff's motion to appoint counsel; and

(4)     **DIRECTS** the Clerk of the Court to provide Plaintiff with a Court-approved form "Motion and Declaration in Support of Motion to Proceed IFP" for his use and convenience.

Should Plaintiff neither pay the $405 filing fee in full nor sufficiently complete and file the attached Motion and Declaration to Proceed IFP within 45 days, this civil action will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED**.

Dated:  January 15, 2026

Hon. Cathy Ann Bencivengo
United States District Judge